UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **WEST ROOFING SYSTEMS, INC.,** | : | **Case No. 1:04CV1293** |
| | : | |
| **Plaintiff,** | : | **JUDGE KATHLEEN O'MALLEY** |
| | : | |
| **v.** | : | |
| | : | |
| **INSULATED ROOFING CONTRACTORS** | : | |
| **D/B/A I.R.C. ROOFING A.K.A. URETHANE** | : | **OPINION AND ORDER** |
| **OF KENTUCKIANA INC., et al.,** | : | |
| | : | |
| **Defendants.** | : | |

On June 16, 2004, Plaintiff, West Roofing Systems, Inc., filed a three count Complaint against Defendant, Urethane of Kentuckiana, Inc. d/b/a Insulated Roofing Contractors (hereinafter "IRC") and BASF Corporation (hereinafter "BASF") alleging civil conspiracy, fraud, and intentional interference with a business relationship. After both Defendants filed Answers, BASF filed a Motion for Judgment on the Pleadings on August 11, 2004. On March 29, 2005, this Court dismissed all of West's claims asserted against BASF and ordered West to Show Cause why its claims against IRC should not similarly be dismissed.

On April 28, 2005, West responded to the Court's Order to Show Cause by arguing that it has a "viable claim" of intentional interference with a prospective business relationship which it says "will be buttressed in the discovery phase of litigation." West, however, neither moved this Court to amend its

complaint to actually assert each of the elements of an intentional interference claim nor addressed its two remaining claims (i.e. civil conspiracy and fraud) in its response. Accordingly, West's claims against IRC for civil conspiracy and fraud are hereby **DISMISSED** for the reasons set forth in this Court's March 25, 2005 Order. (Doc. No. 17).

The only remaining issue before this Court, accordingly, is whether West's claim of intentional interference with a prospective business relationship against IRC should be dismissed.

**I.    DISCUSSION**

As mentioned in the Court's previous order, to assert a tortious interference with a prospective business relationship claim, a plaintiff must allege: (1) the existence of a prospective business relationship; (2) that the defendant knew of the plaintiff's prospective business relationship; (3) that the defendant intentionally and materially interfered with the plaintiff's prospective relationship; (4) that the defendant did so without justification; and (5) that the defendant's actions caused the plaintiff to suffer damages. *See Kenty v. Transamerica Premium Ins. Co.*, 72 Ohio St. 3d 415 (1995). In its earlier order, the court found that West had failed to plead two essential elements of such a claim: that the defendant knew of plaintiff's prospective business relationship; and that the defendant interfered in that relationship without justification.

On the first point, West asserts in its Response to the Court's Show Cause Order that, because there were only two bidders for the Parma City School's roofing project, "logically it was known to both I.R.C. and West Roofing that they were the only two companies competing on the project." Pltf.'s Resp. at 3. West also attaches an affidavit from the President of West Roofing, Richard West, that reads: "[i]t was known to both IRC and to West Roofing that they were the only two companies to compete [sic] for the Parma City Schools [sic] roofing project." West Affd. at 5. Although West arguably asserts that IRC knew of the prospective

business relationship, the manner in which it does so is improper. Because affidavits should be based on personal knowledge, West can not state in an affidavit what IRC did or did not know.[1] *See* Fed. R. Civ P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge. . . .").

On the second point, West contends that IRC intentionally and materially interfered with a prospective business relationship with West by submitting a "fraudulent bid." West asserts, moreover, that, according to certain industry standards, a minimum of 22 mils of silicone needs to be applied to justify a twenty year warranty. Generally, in order to obtain a warranty from a manufacturer, such as BASF, an independent inspector is required to inspect the roofs after completion. Inspections are performed by taking samples of the roof to measure the thickness. Only if the thickness of the roof is adequate will a warranty be issued by the manufacturer. West asserts that IRC was able to obtain the warranty without achieving the desired thickness of materials required by striking a deal with BASF. Accordingly, West asserts that IRC was able to use substantially less material, and to thereby submit a lower bid. West alleges this conduct was sufficiently improper or tortious to support its business interference claim. While West asserts this conduct rendered IRC's bid "fraudulent", however, neither West's complaint nor its response to the show cause order allege facts indicative of fraud. For instance, West does not assert that IRC submitted false data in its bid or that Parma was in any way mislead by IRC's bid. At best, West asserts that IRC submitted a bid that did not satisfy Parma's precise bid specifications, but was awarded the contract anyway because IRC otherwise

---

[1] The Court notes that BASF's original motion was for judgment on the pleadings. As such, the Court may only look to the facts alleged in the pleadings. *See Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980). If matters outside the pleadings are considered, the motion shall be treated as one for summary judgment. Because the Court, therefore, does not consider the affidavit, it will not convert this motion into a summary judgment motion. *See* Fed. R. Civ. P. 12(b).

3

satisfied Parma's desire to assure that it received a twenty year warranty on the roof work. There is nothing fraudulent or tortious in such conduct.

While West may have a complaint with Parma's decision to accept IRC's allegedly non-complying bid, IRC was justified by virtue of its competitive posture vis-a-vis West in asking Parma to do so. Competition, even aggressive competition, simply does not constitute the tort of intentional interference with prospective business relations.

It appears, moreover, that West's allegations regarding the inadequacies of IRC's bid and roof work are not accurate. IRC asserts that, since the project has been completed, the roofs have been inspected on two separate occasions by two separate inspectors to confirm that the work performed satisfied BASF's warranty requirements. Both inspectors confirmed that the work satisfied the requirements of BASF's twenty (20) year warranty, including roof thickness requirements. IRC contends that BASF's twenty (20) year warranty for the roofs was justified. While the Court does not rely on a resolution of this factual issue in this decision, it is worth noting that West failed to file a Reply Brief rebutting IRC's allegations.

The Court notes, finally, that, despite being made aware of its pleading deficiencies, West has yet to seek to amend its complaint to assert the facts it recites for the first time in its "Response to the Court's Sua Sponte Order To Show Cause." Thus, West asserts that it "has adequately plead its case of tortious interference with prospective business relationships", when it has never really sought to do so.

For all these reasons, this Court is compelled to dismiss West's only remaining count, and ultimately, dismiss the action in its entirety.

**IV.      CONCLUSION**

In it's Response to the Court Show Cause Order, West failed to show why the civil conspiracy and fraud claims asserted against IRC should not also be dismissed. Accordingly, these claims are **DISMISSED**. Additionally, West failed to amend its complaint correcting pleading deficiencies regarding its intentional interference with a business relationship claim and has not provided adequate information from which this Court could conclude that West could do so in good faith if given the chance. West's third, and final claim against IRC, therefore, is also **DISMISSED**. This action is thus **DISMISSED** in its entirety.

**IT IS SO ORDERED.**

                                        **s/Kathleen M. O'Malley**
                                        **KATHLEEN McDONALD O'MALLEY**
                                        **UNITED STATES DISTRICT JUDGE**

**Dated**: June 16, 2005